STATE of Iowa, Appellee,

v.

James L. MORRISON, Appellant.

No. 83-930.

Supreme Court of Iowa.

May 22, 1985.

Charles L. Harrington, Appellate Defender, and Michael J. Laughlin and Fern S. Shupeck, Asst. Appellate Defenders, for appellant.

Thomas J. Miller, Atty. Gen., Sherie Barnett, Asst. Atty. Gen., and Peter Bowers, Asst. Co. Atty., for appellee.

Considered by McCORMICK, P.J., and McGIVERIN, SCHULTZ, CARTER, and WOLLE, JJ.

McGIVERIN, Justice.

We granted the application by plaintiff State of Iowa for further review of the decision of the court of appeals reversing

defendant James L. Morrison's conviction of theft in the third degree in violation of Iowa Code sections 714.1(4) and 714.2(3) (1983). We now vacate the decision of the court of appeals with respect to the single issue presented for our review.

The State contends on further review that the submission to the jury of Uniform Jury Instruction (Criminal) No. 238 did not violate defendant's right against self-incrimination guaranteed by the fifth amendment to the United States Constitution. We agree.

I. *Background facts and proceedings.* Defendant was convicted by a jury of theft in the third degree. He appealed his conviction urging five assignments of error. We transferred the case to the court of appeals. One of his assignments was based on the wording of Instruction No. 12 given to the jury, which read:

> In this case the defendant has elected not to take the witness stand. The defendant is not required to testify on his own behalf and *no inference should be drawn* as to his guilt or innocence from the fact that he elected to proceed in this manner. The burden of proof remains upon the State to prove the guilt of the defendant beyond a reasonable doubt as set forth in these instructions.

(Emphasis added.)

Defendant made timely objection to this instruction at trial. He contended that the use of the word "should" in the phrase "no inference should be drawn" might have led the jury to believe that it was allowed to draw such an inference if it chose to do so. Defendant proposed substitution of the word "can" for the word "should," contending that the instruction as proposed by the trial court violated the self-incrimination clause of the fifth amendment of the federal constitution. The court noted that the proposed instruction was a uniform instruction (Uniform Jury Instruction (Criminal) No. 238) and refused to amend it.

The court of appeals reversed defendant's conviction on several grounds, two of which involved Uniform Jury Instruction No. 238. The court of appeals held that the instruction should have been amended in accordance with defendant's suggestion at trial.

Although no error was urged on this basis, the court of appeals also found error in the mere submission of any instruction, however worded, cautioning the jury against drawing adverse inferences from the fact that defendant did not testify in his own behalf. The court cited *State v. Kimball,* 176 N.W.2d 864, 869 (Iowa 1970), and held that the submission of a cautionary instruction in this case was error because the record showed no request by defendant for such an instruction.

The State applied to this court for further review, which was granted. On further review, the State does not seek reinstatement of defendant's conviction, conceding that defendant's conviction must be reversed for reasons not relevant to this review. We are asked only to review the court of appeals holding (1) that, pursuant to *Kimball,* the submission of a cautionary instruction regarding defendant's silence at trial was reversible error because defendant did not request such an instruction, and (2) that the wording of Uniform Instruction (Criminal) No. 238 as submitted to the jury should have been amended.

II. *Submission of a cautionary instruction absent defendant's request.* In *State v. Kimball,* 176 N.W.2d at 869, we stated that the giving of an instruction cautioning the jury against drawing any inference from a defendant's silence at trial was error unless the defendant requested such an instruction. The court of appeals noted that no such request appeared in this record and, citing *Kimball,* found reversible error in the submission of a cautionary instruction.

The State contends that the rule of *Kimball* should be reconsidered in light of *Lakeside v. Oregon,* 435 U.S. 333, 340–41, 98 S.Ct. 1091, 1095, 55 L.Ed.2d 319, 326 (1978), in which the United States Supreme Court held that the giving of an instruction cautioning the jury against drawing adverse inferences from a defendant's silence

at trial did not violate the fifth amendment of the federal constitution even though the defendant objected to the giving of the instruction.

We have no occasion to reexamine the rule of *Kimball,* because we believe that any error resulting from the trial court's failure to observe that rule was not preserved. The record shows that defendant's objection at trial to the cautionary instruction was based on its wording, not its submission contrary to *Kimball.* Defendant's failure to object on the basis of the *Kimball* rule prior to the submission of the instructions to the jury constituted a waiver of error based on failure to follow *Kimball. See State v. Rouse,* 290 N.W.2d 911, 914 (Iowa 1980); Iowa R.Crim.P. 18(5)(f); Iowa R.Civ.P. 196.

This result is consistent with the position we took in *State v. Lyon,* 223 N.W.2d 193, 194 (Iowa 1974), in requiring error preservation by appropriate objection in the trial court to the court's failure to instruct the jury, sua sponte, as required by *State v. Mays,* 204 N.W.2d 862, 867 (Iowa 1973), to the effect that consideration of a defendant's previous felony conviction must be limited to defendant's credibility as a witness.

The court of appeals erred in relying on *Kimball* as a basis for reversal, because no error with respect to the *Kimball* rule was preserved. We express no opinion regarding the effect of *Lakeside* on the *Kimball* rule.

III. *Wording of Uniform Jury Instruction (Criminal) No. 238.* We now consider whether the wording of the cautionary instruction given in this case, Uniform Jury Instruction (Criminal) No. 238, constitutes error as a violation of the fifth amendment to the federal constitution. We conclude it does not.

We note at the outset of our discussion that the issue before us is not whether Uniform Instruction No. 238 could be better worded, or whether we ourselves would have drafted it differently. We have only to consider whether the instruction as given to the jury violated defendant's fifth amendment right not to incriminate himself.

A trial court is not required to word jury instructions in any particular way. *See State v. Lott,* 255 N.W.2d 105, 108–09 (Iowa 1977). If an instruction correctly states the applicable law it will be deemed proper even though an alternative wording is possible. *See, e.g., State v. Millspaugh,* 257 N.W.2d 513, 515 (Iowa 1977).

The law applicable to this case is that the fifth amendment forbids the drawing of adverse inferences from a defendant's silence at trial. In considering other cases where an instruction to that effect has been given, we find that this principle has been stated in a variety of ways. In *Lakeside,* the instruction at issue told the jury that it "must not" consider the defendant's silence in determining his guilt or innocence. 435 U.S. at 335, 98 S.Ct. at 1092, 55 L.Ed.2d at 322. A suggested federal instruction on this point states that "no inference of any kind may be drawn" from a defendant's silence. Devitt & Blackmar, *Federal Jury Practice and Instructions,* § 17.14 (3rd ed. 1977). In *Carter v. Kentucky,* 450 U.S. 288, 101 S.Ct. 1112, 67 L.Ed.2d 241 (1981), the instruction provided that a defendant's silence "cannot be used as an inference of guilt and should not prejudice him in any way." 450 U.S. at 289, 101 S.Ct. at 1113–14, 67 L.Ed.2d at 244. *See also, e.g., United States v. Flaherty,* 668 F.2d 566, 599 (1st Cir.1981) (jury told that it "may not make inference of guilt" from silence); Illinois Pattern Instruction 2.04 (defendant's silence "should not be considered" by jury).

Our attention has not been called to any case in which the use of one word rather than another in this type of instruction has been held to have constitutional significance. We are unwilling to so hold in this case. An instruction is reviewed in its entirety and not piecemeal. *State v. Pelelo,* 247 N.W.2d 221, 225 (Iowa 1976). It is sufficient if the instruction states the applicable law so that a jury composed of

nonlawyers can understand it. *See State v. Crutcher*, 231 Iowa 418, 424, 1 N.W.2d 195, 199 (1941). We are satisfied that Uniform Jury Instruction (Criminal) No. 238 is a correct statement of the law that a non-lawyer of ordinary intelligence can easily comprehend. Its submission to the jury was not error.

The essence of defendant's argument against Uniform Instruction No. 238 is that the phrase "no inference should be drawn" might have implied to the jurors that they were allowed the discretion to draw an inference if they so desired, notwithstanding the plain language of the instruction. According to defendant, the jury might then have proceeded to do precisely what the instruction forbids.

■ This line of argument is too speculative to provide a basis for constitutional adjudication. A jury is presumed to have followed its instructions absent evidence to the contrary. *See State v. Sharpe*, 304 N.W.2d 220, 226 (Iowa 1981). *See also Lakeside*, 435 U.S. at 340, 98 S.Ct. at 1095, 55 L.Ed.2d at 325–26 (contention that jury will draw inference of guilt from defendant's silence, in disregard of instruction to the contrary, is "speculative," "dubious," and an insufficient basis for shaping constitutional law).

The ruling of the court of appeals that the submission to the jury of Uniform Instruction (Criminal) No. 238 was error is vacated. The remainder of the court of appeals' decision is affirmed. The district court judgment of conviction is reversed.

DECISION OF COURT OF APPEALS AFFIRMED IN PART AND VACATED IN PART; JUDGMENT OF DISTRICT COURT REVERSED.