STATE of Iowa, Appellee,

v.

**Shain Curtis ARNE, Appellant.**

No. 96–2077.

Supreme Court of Iowa.

May 28, 1998.

Linda Del Gallo, State Appellate Defender, and Martha J. Lucey, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Karen Doland, Assistant Attorney General, Lee E. Poppen, County Attorney, and Jeffrey TeK-

ippe, Assistant County Attorney, for appellee.

Considered by LARSON, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

TERNUS, Justice.

Defendant, Shain Curtis Arne, appeals two convictions of delivery of a controlled substance within a drug-free zone. *See* Iowa Code §§ 124.401(1)(c)(6), .401A (1995). He claims insufficient evidence supports his convictions and he alleges two instances of ineffective assistance of counsel. Arne also seeks to file a delayed petition for writ of certiorari to challenge an order of contempt. We conclude Arne's drug convictions are supported by substantial evidence; we preserve the ineffective-assistance-of-counsel claims; and we deny permission to file a delayed petition for writ of certiorari.

## I. *Background Facts and Proceedings Concerning Criminal Convictions.*

The State charged Arne with two counts of delivery of a controlled substance within a drug-free zone based upon Arne's alleged participation in two controlled drug buys involving Scott McVicker. McVicker worked for the Eagle Grove police department, making drug buys for the police.

McVicker testified that on December 2, 1995, he spoke with Arne by phone and arranged to purchase drugs from him. McVicker claimed he made the arrangements at Jake Asvig and Jason Hill's apartment, allegedly with their knowledge. McVicker called Officer Scott Richman after setting up the buy. Officer Richman gave McVicker pre-serialized money with which to make the purchase.

McVicker testified that Arne came to his home and sold him a half gram of methamphetamine for $55. A few hours later, pursuant to their agreement, Arne returned and sold McVicker another gram for $125. Upon completion of this buy, McVicker called Officer Richman, who met with McVicker to recover the drugs and remaining serialized money.

Arne was arrested and charged with two delivery offenses. His trial counsel filed a notice of alibi witnesses, which the State resisted on the basis that the notice was untimely filed. The trial court sustained the resistance and precluded the testimony of the alibi witnesses.

At trial, McVicker testified that he was paid approximately $100 by the police for the buys from Arne. McVicker acknowledged that he had received about $3500 from the police for cooperating in drug buys. He denied ever using drugs himself.

Officer Richman testified that he searched McVicker prior to and after the controlled buys. He also testified that he did not take fingerprints from the package containing the drugs, did not recover the serialized money paid to Arne, did not tape record the buy, and did not witness the buy.

Arne denied that he sold any drugs to McVicker. Jon Boyd, a former friend of McVicker, testified that McVicker admitted to falsely accusing another man of selling drugs so McVicker would be paid by the police. Boyd also stated that McVicker used methamphetamine. On the other hand, Boyd admitted that McVicker had implicated him in a burglary. Both Asvig and Hill, from whose apartment McVicker allegedly made arrangements for the buy from Arne, testified they did not remember any such occurrence. They did acknowledge, however, that McVicker may have been present on the date of the drug buys.

The jury returned guilty verdicts on both counts and the court imposed sentence. Arne appeals, claiming his convictions are not supported by substantial evidence. He also argues that he was denied the effective assistance of counsel because his trial counsel failed to timely file a notice of alibi witnesses, and failed to object to a police officer's opinion testimony concerning McVicker's credibility and trustworthiness.

## II. *Is There Substantial Evidence to Support Arne's Drug Convictions?*

A. *Standard of review.* "A jury verdict is binding upon this court, and we must uphold the verdict unless the record

lacks substantial evidence to support the charge." *State v. Thornton,* 498 N.W.2d 670, 673 (Iowa 1993). In considering a sufficiency-of-the-evidence challenge, we review all the evidence to determine whether a rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt. *See State v. Anderson,* 517 N.W.2d 208, 211 (Iowa 1994). Our review of the evidence is made in a light most favorable to the jury's verdict. *See State v. Knox,* 536 N.W.2d 735, 741 (Iowa 1995). "Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury was free to reject certain evidence, and credit other evidence." *Anderson,* 517 N.W.2d at 211. The credibility of witnesses, in particular, is for the jury: "[t]he jury is free to believe or disbelieve any testimony as it chooses." *Thornton,* 498 N.W.2d at 673.

B. *Need for corroboration.* Arne claims the State failed to corroborate the testimony of McVicker with evidence such as fingerprints, video tape, or audio tape, or with recovery of the serialized money. Absent such corroboration, asserts Arne, the information supplied by McVicker does not rise to the level of proof beyond a reasonable doubt. Arne relies on our decision in *State v. Weir,* 414 N.W.2d 327 (Iowa 1987), to support his argument.

In *Weir,* the defendant challenged a probable cause finding made in connection with the issuance of a search warrant. 414 N.W.2d at 330. The defendant claimed the reliability of an informant was not sufficiently established to provide support for the district court's probable cause finding. *Id.* at 330–32. We noted that courts apply a higher standard of proof "when weighing the reliability of tipsters who act for money." *Id.* at 331. Therefore, we required factors other than "the presumptive reliability of a citizen informant" to support the district court's finding of reliability. *Id.* at 332.

■ The analysis applied in *Weir* has no usefulness here where the credibility of the informant, McVicker, was an issue for the jury. This court has never applied a higher standard of proof when weighing the testimony of an informant witness in a criminal trial, and we decline to do so now. The witness's

status as a paid informant is merely one fact that the jury may consider in deciding whether to believe the witness's testimony.

C. *Existence of substantial evidence.* Arne also claims that no reasonable juror could believe McVicker because McVicker may have used drugs, he was paid for his services, the police did not adequately supervise the drug buys, and McVicker's testimony was contradicted by other witnesses. These arguments are insufficient to discredit McVicker's testimony as a matter of law.

■ That the police may have more closely monitored the drug buys from Arne is no reason to completely disregard McVicker's eyewitness testimony. Officer Richman corroborated McVicker's testimony as to McVicker's dealings with the police. Although McVicker was paid for his services as an informant, he explained that he became an informant because he wanted to stop the pervasive drug usage he saw around him. McVicker denied any personal drug use, and attacked the credibility of the witness testifying to the contrary by forcing the witness to admit that McVicker had connected the witness to a burglary. The testimony of Asvig and Hill did not contradict McVicker's statements; these individuals simply could not corroborate McVicker's version of what had happened. That leaves the testimony of Arne, which was in direct contradiction to McVicker's testimony. The jury, however, was acting within its province in rejecting Arne's self-serving testimony that he did not sell drugs to McVicker. In summary, McVicker's credibility was an issue for the jury.

Without his claim that McVicker's testimony must be disregarded, Arne's substantial-evidence challenge must fail. McVicker's testimony, if believed, was substantial evidence establishing each element of the crime of delivery of a controlled substance.

III. *Ineffective–Assistance–of–Counsel Claims—Criminal Convictions.*

■ To succeed on a claim of ineffective assistance of counsel, Arne must prove that (1) his trial counsel failed in an essential duty, and (2) prejudice resulted from coun-

sel's error. *See State v. Bugely,* 562 N.W.2d 173, 178 (Iowa 1997); *State v. Brooks,* 555 N.W.2d 446, 448 (Iowa 1996). Ordinarily, we preserve such claims for postconviction relief proceedings. *See State v. Spurgeon,* 533 N.W.2d 218, 220 (Iowa 1995). When the record is adequate to decide the issue, however, we will resolve ineffective-assistance-of-counsel claims on direct appeal. *See id.*

Arne claims his trial counsel was ineffective in two ways: (1) in failing to timely notify the State of his alibi witnesses; and (2) in failing to object to the testimony of a police officer concerning McVicker's credibility. We do not think the record is sufficient to address these claims and, therefore, we preserve them for a possible postconviction relief action. *See State v. Fox,* 491 N.W.2d 527, 535 (Iowa 1992) (stating ineffective-assistance-of-counsel claims are preserved for later proceedings so trial counsel will have an opportunity to explain the contested conduct).

## IV. *Motion for Permission to File a Delayed Petition for Writ of Certiorari.*

Following the announcement of the jury's verdict in this case, Arne left the courtroom in anger. He rushed through the front door of the courthouse, pushing the door open with some energy. As a consequence, the door slammed shut with force, breaking the glass in the door. The trial court held Arne in contempt for breaking the glass in the courthouse door. Arne claims the record lacks substantial evidence to support a finding that his conduct constituted contempt.

To challenge an order to punish for contempt, the complainant must file a petition for writ of certiorari within thirty days from the contempt finding. *See* Iowa Code § 665.11 ("No appeal lies from an order to punish for a contempt."); Iowa R.App. P. 301; Iowa R. Civ. P. 307(c) (1998) (formerly Iowa R. Civ. P. 319). The reviewing court may grant an extension of time to file the petition if a motion for extension of time is filed within ninety days of the contempt finding, "upon a showing that failure to file the petition within the time provided was due to a failure of the tribunal, board or officer to notify the petitioner of the action complained of." Iowa R. Civ. P. 307(c).

The trial court found Arne in contempt on October 10, 1996. Arne filed his delayed petition for writ of certiorari on June 11, 1997, more than ninety days after the contempt finding. Ordinarily, a failure to petition "within the specified time limits requires dismissal for lack of jurisdiction." *State v. Anderson,* 308 N.W.2d 42, 46 (Iowa 1981) (interpreting direct appeal time constraints).

Arne seeks to avoid dismissal by claiming that the earlier appeal of his criminal convictions encompassed the contempt order. He then asks that we treat the improvidently-taken contempt appeal as a petition for writ of certiorari. Iowa Rule of Appellate Procedure 304 states:

> If any case is brought by appeal, certiorari, or discretionary review, and the appellate court is of the opinion that another of these remedies was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been sought. Any one of the foregoing remedies may under this rule be treated by the appellate court as the one it deems appropriate.
>
> *Nothing in this rule shall operate to extend the time within which an appeal may be taken.*

(Emphasis added.) The emphasized language, as applied to this case, means that any appeal of the order of contempt must be filed within the time constraints applicable to petitions for writ of certiorari. As noted above, such petitions must be filed within thirty days of the order, unless extended upon application filed within ninety days of the order.

■ Here, Arne's notice of appeal was filed on November 18, 1996, more than thirty days after the order of contempt, but within ninety days of the order. Even if we construed the notice of appeal as a motion for extension of time under Iowa Rule of Civil Procedure 307(c), Arne has not shown, nor even claimed, that his "failure to file the petition within the time provided was due to a failure of the tribunal, board or officer to notify [him] of the action complained of." Iowa R. Civ. P. 307(c). Consequently, Arne

has not met the requirement of rule 307(c) for an extension of time to file a petition for writ of certiorari. As a result, his notice of appeal was not timely filed. Therefore, even if we consider his notice of appeal as a petition for writ of certiorari under rule 304, his right to appellate review has not been preserved because his request for review came too late.

### V. Ineffective–Assistance–of–Counsel Claims—Contempt Order.

Arne claims that his trial counsel rendered ineffective assistance with respect to the charge of contempt by failing to challenge the sufficiency of the evidence to support a finding of contempt at the hearing before the district court, and by failing to timely file a petition for writ of certiorari. He asserts prejudice with respect to the latter claim in that a timely-filed petition would have preserved his challenge to the sufficiency of the evidence.

This court has "recognized a right to counsel in a hearing that might directly result in incarceration." *State ex rel. Hamilton v. Snodgrass,* 325 N.W.2d 740, 742 (Iowa 1982) (citing *McNabb v. Osmundson,* 315 N.W.2d 9, 14 (Iowa 1982)). The district court has authority to punish an act constituting contempt under Iowa Code section 665.2 "by a fine not exceeding five hundred dollars or imprisonment in a county jail not exceeding six months or by both such fine and imprisonment." Iowa Code § 665.4(2). In fact, Arne was sentenced to thirty days in the county jail for his contemptuous behavior. Thus, he may properly assert an ineffective-assistance-of-counsel claim.

As noted above, Arne must prove (1) his trial counsel failed in an essential duty, and (2) prejudice resulted from counsel's error. *See Bugely,* 562 N.W.2d at 178. We presume counsel is competent. *See Thornton,* 498 N.W.2d at 675.

Arne claims his trial counsel did not advise him of his right to challenge the order of contempt. Arne also asserts he thought the notice of appeal would encompass the contempt order. From these allegations, it is unclear whether Arne discussed the order of contempt with trial counsel, and if so, when those conversations occurred and what the exact content of those discussions were. We think trial counsel should have an opportunity to respond to Arne's claims of ineffective assistance of counsel. Therefore, we preserve those claims for a later postconviction relief proceeding.

### VI. Summary.

Substantial evidence supports Arne's convictions of delivery of a controlled substance within a drug-free zone. The State had no obligation to corroborate the paid informant's testimony with physical evidence linking the defendant to the drug buys in question.

Arne's motion for permission to file a delayed petition for writ of certiorari is denied because he has not established that his failure to file the petition within the time allowed was due to his lack of knowledge of the order of contempt. His timely notice of appeal of his criminal convictions is not sufficient to preserve his right to review of the contempt order.

We do not address Arne's claims of ineffective assistance of counsel because the record is inadequate to do so. Those claims are preserved for possible postconviction relief actions.

**JUDGMENTS OF CONVICTION AFFIRMED; MOTION TO FILE DELAYED PETITION DENIED.**