**IN THE COURT OF APPEALS OF IOWA**

No. 15-0366
Filed March 9, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**LARRY DEAN BELL SR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Mark R. Fowler,

District Associate Judge.


        Defendant appeals his conviction, following a jury trial, for indecent

exposure. **AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Theresa R. Wilson,

Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant

Attorney General, for appellee.



        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Defendant Larry Bell Sr. appeals his conviction, following a jury trial, for indecent exposure. We determine there is sufficient evidence in the record to support a finding Bell's act of stroking his exposed penis in front of a female corrections officer was done with the intent to arouse or satisfy the sexual desires of either party. We affirm his conviction.

I.      **Background Facts & Proceedings**

On April 5, 2014, a female corrections officer, S.M., at the Scott County Jail passed out breakfast trays to inmates. When she came to Bell's cell, he appeared to be urinating, so she excused herself and stepped off to the side until she heard the toilet flush. Then she gave him his breakfast tray. When she came back about twenty minutes later, Bell was standing next to his toilet masturbating. S.M. stated Bell would have been able to hear her walking down the hall before she reached his cell. S.M. told Bell his conduct was not appropriate and walked away.

Later the same day, S.M. needed to go near Bell's cell as part of her job duties. When she turned around, Bell was standing in the doorway to his cell masturbating. He was looking at S.M., with his penis in his hand, stroking it. S.M. stated, "I became offended, because I had already told him it was inappropriate . . . . it was very offensive." S.M. reported the incident.

Correctional Officer Nicholas Aleksiejczyk testified he picked up Bell's breakfast tray and Bell was not masturbating at that time. Aleksiejczyk testified Bell told him he had been masturbating as a protest because the jail needed to hire more minority officers. Bell also stated S.M. "should quit if she didn't like

what she saw." Another corrections officer, Damir Krdzalic, testified he and a female corrections officer walked by Bell's cell on April 5, 2014, and saw Bell "standing at the door, he was exposed, with his genitals in his hand." Lieutenant Stephanie Burnett testified she told Bell there was zero tolerance for his behavior. Bell made the comment he had acted purposely in front of the other two female officers. He later wrote a letter to Lieutenant Burnett stating his conduct was a form of protest against discrimination.

Bell was charged with indecent exposure, in violation of Iowa Code section 709.9 (2013), a serious misdemeanor. At the criminal trial, Bell testified he had a history of standing up against racism and discrimination. He stated he believed S.M. spoke to him in a derogatory way and his response was to take out his penis and shake it at her. He stated, "[T]his was an argument, nothing with sex." He also testified:

> And I'm a human being, and when I felt like masturbating, I masturbated. Nothing to do with these women. . . . You're an adult, I'm an adult, you got a husband, boyfriend, you have sexual desire, I do too, I'm not hiding. You work here, I live here . . . . In my home, I didn't feel I have to hide from these people. They are supposed to be grown-ups like I was.

Bell testified the jail should have more minority employees. He stated, "[I]t probably was the wrong type of protest, but that's what it was."

The jury found Bell guilty of indecent exposure. The court sentenced Bell to 365 days in jail, suspended the sentence, and placed him on probation. He was additionally given a special sentence pursuant to section 903B.2 and ordered to register as a sex offender. Bell appeals.

## II. Standard of Review

We review a district court ruling on a motion challenging the sufficiency of the evidence for correction of errors at law. *State v. Showens*, 845 N.W.2d 436, 439 (Iowa 2014). In reviewing challenges to the sufficiency of the evidence supporting a guilty verdict, we consider all of the record evidence viewed in the light most favorable to the State, including all reasonable inferences which may be fairly drawn from the evidence. *Id.* at 439–40. We will uphold a jury's verdict if it is supported by substantial evidence. *Id.* at 440.

## III. Merits

Iowa Code section 709.9 provides:

> A person who exposes the person's genitals or pubes to another person not the person's spouse, or who commits a sex act in the presence of or view of a third person, commits a serious misdemeanor, if:
> 1. The person does so to arouse or satisfy the sexual desires of either party; and
> 2. The person knows or reasonably should know that the act is offensive to the viewer.

Bell claims there is not sufficient evidence in the record to show he acted with the intent to arouse or satisfy the sexual desires of himself or S.M. He states his conduct was a form of protest against the jail's failure to hire minorities.

The second element of the offense of indecent exposure requires the exposure be sexually motivated. *State v. Blair*, 798 N.W.2d 322, 326 (Iowa Ct. App. 2011). "The requisite intent to arouse or gratify the sexual desire of any person can be inferred from an accused's conduct, remarks, and all surrounding circumstances." *State v. Jorgensen*, 758 N.W.2d 830, 837 (Iowa 2008). "[E]ven deliberate exposure done without a sexual motive, such as streaking, nude

protesting or urinating in public, is outside the proscription of section 709.9." *State v. Isaac*, 756 N.W.2d 817, 819–20 (Iowa 2008). A person's intent can seldom be proven by direct evidence and is usually a matter for the jury to determine from circumstantial evidence. *State v. Hennings*, 791 N.W.2d 828, 837 (Iowa 2010) ("Juries are capable of making determinations regarding intent and motivation.").

S.M. testified Bell stood in the doorway to his cell, looking right at her, while he held his penis and stroked it. In *Blair*, we found there was sufficient evidence of sexual motivation when the victim observed the defendant, "with his hand holding his penis above the waistband of his pants, moving his hand back and forth like he was petting a dog." 798 N.W.2d at 326. We stated, "[T]he fact that he was stroking his penis while standing in front of a bay window is sufficient evidence of Blair's sexual motivation." *Id*. Like *Blair*, we find Bell's action of stroking his penis while looking directly at S.M., a female corrections officer, was sufficient evidence of his sexual motivation.

We also note Bell gave three different explanations for his conduct during his testimony: (1) he was angry with S.M.; (2) he was expressing his sexual desires in an open way; and (3) he was protesting racial discrimination. The jury was free to reject certain evidence and accept other evidence. *See State v. Arne*, 579 N.W.2d 326, 328 (Iowa 1998). "The very function of the jury is to sort out the evidence and place credibility where it belongs." *State v. Hunt*, 801 N.W.2d 366, 377 (Iowa Ct. App. 2011). In this case, the jury may have rejected Bell's statements his conduct was the result of anger or was a protest against

discrimination and accepted Bell's statement he did not believe he should have to hide his sexual desires.

We conclude there is substantial evidence in the record to support the jury's verdict. We affirm Bell's conviction for indecent exposure.

**AFFIRMED.**