**IN THE COURT OF APPEALS OF IOWA**

No. 18-0651
Filed January 9, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**KATRINA NIKOLE COOPER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, James S. Heckerman, Judge.

Katrina Nikole Cooper appeals a judgment and sentence for delivery of more than five grams of methamphetamine. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

Katrina Nikole Cooper appeals a judgment and sentence for delivery of more than five grams of methamphetamine. *See* Iowa Code §124.401(1)(b)(7) (2017). She contends (1) the evidence was insufficient to support the district court's finding of guilt following a bench trial, (2) her trial attorney was ineffective in failing to challenge the standard used by the district court in evaluating her new trial motion, and (3) her trial attorney was ineffective in failing to challenge her waiver of the right to a jury trial as unknowing and involuntary.

## I.      *Sufficiency of the Evidence*

The district court found Cooper "delivered methamphetamine to [a confidential informant] and the substance was methamphetamine and weighed over five grams." Substantial evidence supports this finding. *See State v. McFadden*, 320 N.W.2d 608, 614 (Iowa 1982).

Several officers working with the Southwest Iowa Narcotics Enforcement Taskforce testified to their involvement in a controlled purchase of drugs. After entering into a cooperation agreement with the informant, they provided her with serialized currency and an audio-recording device. They searched her before the purchase was made, listened in on her conversation with Cooper, de-briefed her after the transaction, and recovered the drugs and excess cash. Their testimony corroborated the testimony of the informant. *See State v. Arne*, 579 N.W.2d 326, 328 (Iowa 1998) ("That the police may have more closely monitored the drug buys . . . is no reason to completely disregard [the informant's] eyewitness testimony."). Although Cooper correctly points out that the informant had credibility issues, it

was the district court's prerogative as fact finder to decide who was more believable.  *See State v. DeWitt*, 811 N.W.2d 460, 476 (Iowa 2012).

Because substantial evidence supports the district court's finding of guilt, we affirm Cooper's judgment and sentence.

## II.     *Denial of New Trial Motion*

Cooper asserts the district court applied the incorrect standard in ruling on her new trial motion and her trial attorney was ineffective in failing to invoke and apply the correct standard.

In *State v. Ellis*, 578 N.W.2d 655, 659 (Iowa 1998), the Iowa Supreme Court held that "contrary to the evidence" in the context of a motion for a new trial means "contrary to the weight of the evidence."  Cooper's new trial motion simply asserted the evidence was insufficient to support the court's finding of guilt.  The "contrary to the evidence" standard was not invoked and, accordingly, the district court was not remiss in failing to apply it.

We turn to Cooper's claim that counsel was ineffective in failing to argue the evidence was contrary to the evidence.  We find the record adequate to address this issue.  *See Arne*, 579 N.W.2d at 329.

Because Cooper opted for a bench trial, the district court had the opportunity to assess witness credibility.  *See State v. Wickes*, 910 N.W.2d 554, 571 (Iowa 2018).  Accordingly, Cooper cannot establish the breach of an essential duty in counsel's failure to argue for a "weight-of-the-evidence" standard.

### III. *Jury Trial Waiver*

Cooper contends her attorney was ineffective in failing to ensure her waiver of her right to a jury trial was knowing, voluntary, and intelligent. That waiver was made in an on-the-record colloquy with the district court.

The Iowa Supreme Court has articulated several factors that are important to "determine whether a defendant's waiver of his [or her] right to a jury trial is knowing, voluntary, and intelligent." *State v. Liddell*, 672 N.W.2d 805, 810-11 (Iowa 2003). The district court's succinct colloquy did not touch on all the enumerated factors. Specifically, the court did not inform Cooper that a jury finding of guilt would have to be unanimous and Cooper had a right to participate in jury selection.

We conclude the record is inadequate to determine whether Cooper would have waived her right to a jury trial had she been informed of these factors. *See State v. Gomez-Garcia*, 904 N.W.2d 172, 186 (Iowa 2017); *State v. Keller*, 760 N.W.2d 451, 453 (Iowa 2009); *State v. Feregrino*, 756 N.W.2d 700, 708 (Iowa 2008). Accordingly, we preserve her ineffective-assistance-of-counsel claim for postconviction relief.

**AFFIRMED.**