# IN THE COURT OF APPEALS OF IOWA

No. 18-0754
Filed October 23, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CARSON BRUCE SINCLAIR, JR.,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Douglas F. Staskal,

Judge.

        Carson Sinclair Jr. appeals his conviction of eluding.  **AFFIRMED.**

        Christopher R. Kemp of Kemp & Sease (until withdrawal), and Melinda J.

Nye, Assistant Appellate Defender, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Richard Bennett, Special Counsel,

for appellee.

        Considered by Bower, C.J., and Vaitheswaran and Doyle, JJ.

**VAITHESWARAN, Judge.**

A jury found Carson Sinclair Jr. guilty of eluding. On appeal, Sinclair contends the evidence was insufficient to support the finding of guilt.

The jury was instructed the State would have to prove the following elements of eluding:

> 1. On or about May 4th, 2017, the defendant was driving a motor vehicle.
> 2. The defendant willfully failed to bring the motor vehicle to a stop or otherwise eluded a marked official law enforcement vehicle driven by a uniformed peace officer after being given a visual and audible signal to stop.
> 3. In doing so, [the defendant] exceeded the speed limit by twenty-five miles an hour or more.

Sinclair argues the State failed to prove he acted "willfully." A reasonable juror could have found otherwise based on the following facts.

A Pleasant Hill police sergeant parked a marked police car "in plain view" on a road known for speeding, in an effort "to get the public to slow down and take their time." He observed an individual riding a motorcycle. The individual was later identified as Sinclair. When Sinclair saw the police car, "his body posture kind of changed." Sinclair made a "broad" right turn into a trailer court, which the sergeant described as "very strange." The sergeant followed Sinclair "and tried to catch up to him." Sinclair ran a stop sign, "looked back at [the sergeant,] and took off at a very high rate of acceleration." The sergeant "initiated [his] emergency lights and sirens at that point." He described the lights as "bright" and "very noticeable" and the siren within town as "pretty piercing." Instead of pulling over, Sinclair "took off," "splitting lanes," and "going between the vehicles." For approximately five minutes, he led the police car on a high-speed chase. The sergeant estimated that Sinclair

drove "well over 100" miles per hour and reached "120 at one point." The sergeant was not able to catch up with Sinclair "until he pulled into his residence." The motorcycle was parked at the residence and, according to the sergeant, "was extremely hot" "like when a vehicle has been driven hard." Sinclair admitted "that was him [the police] were pursuing." He also admitted he "hit the gas, hard." Although he testified he did not hear the police sirens or see the police until they came to his house, a reasonable juror could have credited the sergeant's testimony that Sinclair looked back at the police car as he sped up. *See State v. Arne*, 579 N.W.2d 326, 328 (Iowa 1998) ("Inherent in our standard of review of jury verdicts in criminal cases is the recognition that the jury was free to reject certain evidence, and credit other evidence." (citation omitted)). As for Sinclair's assertion that other vehicles also failed to yield to the officer, a reasonable juror could have credited a patrol-car video showing stationary vehicles on the side of the road. Finally, a reasonable juror could have surmised from the same video that the officer's lights and siren were activated for a sufficient period of time to alert Sinclair of the need to stop, even if they were not turned on immediately after Sinclair ran the stop sign.

Substantial evidence supports the jury's finding of guilt. *See State v. Leckington*, 713 N.W.2d 208, 213 (Iowa 2006). We affirm Sinclair's judgment and sentence for eluding.

**AFFIRMED.**