# IN THE COURT OF APPEALS OF IOWA

No. 19-0344
Filed May 13, 2020

**STATE OF IOWA,**
　　Plaintiff-Appellee,

**vs.**

**ROGER McGHEE,**
　　Defendant-Appellant.

_____

Appeal from the Iowa District Court for Story County, Bethany J. Currie, Judge.

Roger McGhee appeals his convictions of third-degree sexual abuse, lascivious acts with a child, and assault with intent to commit sexual abuse. **AFFIRMED.**

Martha Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury found Roger McGhee guilty of third-degree sexual abuse, lascivious acts with a child, and assault with intent to commit sexual abuse. The district court sentenced McGhee to prison terms not exceeding ten years, ten years, and two years respectively, to be served consecutively. On appeal, McGhee (1) challenges the sufficiency of the evidence to support the findings of guilt; (2) contends the district court abused its discretion in admitting certain exhibits that he contends were irrelevant or unfairly prejudicial; and (3) argues the district court considered "unproven offenses when imposing consecutive sentences."

## I.    *Sufficiency of the Evidence*

The jury was instructed the State would have to prove the following elements of third-degree sexual abuse:

> 1. On or about September 27, 2017, through February 5, 2018, Roger McGhee performed a sex act with L.M.
> 2. Mr. McGhee performed the sex act while L.M. was 12 or 13 years of age.

The elements of lascivious acts with a child were as follows:

> 1. On or about September 27, 2017, through February 5, 2018, Mr. McGhee with or without L.M.'s consent:
>     a. Fondled or touched the pubes or genitals of L.M.; or
>     b. Permitted or caused L.M. to fondle or touch Mr. McGhee's genitals or pubes.
> 2. Mr. McGhee did so with the specific intent to arouse or satisfy the sexual desires of Mr. McGhee or L.M.
> 3. Mr. McGhee was 18 years of age or older.
> 4. L.M. was under the age of 14 years.

And the elements of assault with intent to commit sexual abuse were as follows:

> 1. On or about September 27, 2017, through February 5, 2018, Mr. McGhee assaulted L.M.
> 2. Mr. McGhee did so with the specific intent to commit a sex act by force or against the will of L.M.

McGhee "denies that any of the three alleged sex offenses ever took place." He also argues the child "lack[ed] any credibility because she continually changed her version of events." A reasonable juror could have found otherwise.

The child testified at trial and provided vivid and detailed descriptions of the acts committed by McGhee. No useful purpose would be served by recounting the acts. Suffice it to say a juror could have credited her testimony over McGhee's denial. *See State v. Arne*, 579 N.W.2d 326, 328 (Iowa 1998) ("The credibility of witnesses, in particular, is for the jury: '[t]he jury is free to believe or disbelieve any testimony as it chooses.'" (alteration in original) (citation omitted)). The jury's finding of guilt is supported by substantial evidence. *See State v. Folkers*, __ N.W.2d ___, ___, 2020 WL 1649874, at *1 (Iowa 2020) (setting forth standard of review).

Substantial evidence exists notwithstanding the child's admission that when she first spoke to a forensic interviewer about the abuse, she "kind of lied and tried to say that [her] mind had made up the memories." The child explained that she downplayed the abuse to ensure the well-being of people close to her. She affirmed that she does not make up memories and never had an issue making up memories.

That said, many of the child's statements during the first interview were entirely consistent with her statements in the second interview and with her trial testimony. And other witnesses corroborated key aspects of her testimony, as did certain exhibits, which will be discussed next.

## II.     *Admission of Exhibits*

McGhee challenges the court's admission of certain sex-related evidence. He argues the evidence "was not relevant and the probative value, if any, was substantially outweighed by the danger of unfair prejudice."  *See* Iowa Rs. Evid. 5.401 ("Evidence is relevant if: (a) It has any tendency to make a fact more or less probable than it would be without the evidence; and (b) The fact is of consequence in determining the action."), 5.403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice . . . .").  Our review of the district court's rulings is for an abuse of discretion.  *See State v. Tipton*, 897 N.W.2d 653, 691 (Iowa 2017) ("The district court rulings on relevance of evidence are reviewable for abuse of discretion, as are challenges to the admission of evidence under Iowa Rule of Evidence 5.403.").

In a discussion outside the presence of the jury, the prosecutor cogently explained that the challenged evidence was offered to "corroborate [the child's] testimony" about "the things that she said" McGhee showed her.  The district court selectively admitted those sex-related exhibits that were referenced in the child's testimony.  We discern no abuse of discretion in the court's ruling.

## III.     *Sentencing*

The district court is required to state reasons for imposing consecutive sentences.  *See State v. Hill*, 878 N.W.2d 269, 274 (Iowa 2016).  "[W]e will set aside a sentence and remand a case to the district court for resentencing if the sentencing court relied upon charges of an unprosecuted offense that was neither admitted to by the defendant nor otherwise proved."  *State v. Sailer*, 587 N.W.2d 756, 762 (Iowa 1998) (quoting *State v. Black*, 324 N.W.2d 313, 315 (Iowa 1982)).

The district court explained its reasons for imposing consecutive sentences as follows:

> The Court finds consecutive sentences to be appropriate under the circumstances of this case because the jury found there were separate and distinct acts committed justifying each charge, because of the nature of the offenses and the [relationship of the defendant to the child]. Despite what your attorney said, *I believe that the child was repeatedly abused and this sentence is designed to reflect that*.

(Emphasis added.) McGhee contends the emphasized language evinces a consideration of unproven offenses. We disagree. Although only one of the crimes was denominated "sexual abuse," all three involved "abuse" in the generic sense. The three sex-related charges and the jury's findings of guilt on all three support the court's reference to "repeated[] abuse[]." We conclude the court did not consider unproven charges in imposing consecutive sentences.

We affirm McGhee's judgment and sentence.

**AFFIRMED.**