# IN THE COURT OF APPEALS OF IOWA

No. 20-0908
Filed February 16, 2022

**JOSHUA MCDONALD,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Polk County, Lawrence P. McLellan,

Judge.


        Applicant appeals the dismissal of his postconviction-relief application.

**AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.**


        Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant

Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney

General, for appellee.


        Considered by Bower, C.J., and Greer and Badding, JJ.

**GREER, Judge.**

In 2016, Joshua McDonald stipulated to two violations of a no-contact order and pled guilty to two counts of willfully violating it. The State dismissed the felony domestic assault count initially charged (the contempt case).[1] The district court sentenced McDonald to 180 days in jail on each count, to be served concurrently. The district court then extended the no-contact order to February 23, 2021.

Almost three years later, a new criminal complaint was filed against McDonald asserting he again violated the no-contact order under Iowa Code section 664A.7(1) (2019). After a February 7, 2020 hearing where McDonald appeared as a self-represented party, he was found in contempt of willfully violating the no-contact order and was sentenced to 180 days in jail. Shortly after sentencing, on February 20, McDonald moved to appeal the contempt case, which the district court treated as a notice of appeal. At the same time, he petitioned for a writ of habeas corpus, generally raising a denial of due process and a violation of his rights. After reviewing the petition for writ of habeas corpus, on March 6, the district court interpreted the writ as an application for postconviction relief (PCR) and directed the clerk of court to open a "new [PCR case] so that this filing can be considered in that manner." The clerk of court docketed the motion to appeal and the petition for writ of habeas corpus in the PCR case, but treated the petition as a PCR application. Yet, on March 13, in a nunc pro tunc order filed in the contempt case, the court rescinded the March 6 order establishing a PCR action and "[held]

---

[1] Initially, McDonald was charged with domestic abuse assault by impeding breathing or circulation causing bodily injury, a class "D" felony. *See* Iowa Code §§ 708.1(2), 708.2A(5) (2015). The no-contact order restrains McDonald from having any contact with the victim to this assault, S.L.

it for naught."[2]   That nunc pro tunc order never made it to the PCR case file. Instead, on that same day, another judge entered an order in the PCR case appointing PCR counsel and setting a trial scheduling conference to hear the PCR action.

Now with a PCR application pending in the PCR case, on March 23, the State moved to dismiss the application arguing that the contempt finding was not a conviction or sentence of a public offense and so, on the face of the application, McDonald was not entitled to PCR under Iowa Code section 822.2(1)(a) (2020). On April 12, the district court agreed with the State's position and concluded the PCR action should be dismissed but allowed McDonald thirty days to file a written reply to the proposed dismissal.  Through his newly-appointed PCR counsel, on May 12, McDonald resisted the motion to dismiss and argued he was directly attacking his conviction for the offense of violation of a no-contact order and was entitled to PCR.  After a video-conference hearing with counsel, the district court dismissed the PCR action on May 27.[3]  The district court gave two reasons for dismissing the PCR action.  The first reason was that "[t]he applicant was not convicted of a public offense in [the contempt case] as that case [the assault] ended in a dismissal with prejudice.  There is no conviction or sentence for the applicant to collaterally attack through postconviction relief."  Then in the order filed after the hearing, the district court also referenced a second reason to dismiss the PCR action.  That other ground for dismissal was because the nunc pro tunc order

---

[2] McDonald moved to reconsider the nunc pro tunc order, which remains pending.
[3] The district court directed that the order on the motion to dismiss the PCR action be filed in both the PCR case and the contempt case.

rescinded the order to treat the petition for writ of habeas corpus as a PCR application; thus, there was no PCR action to address. Still, the court offered another avenue for McDonald by stating: "[T]he petition for writ of habeas corpus, motion to appeal and motion to reconsider need to be addressed by the court in [the contempt case]."

McDonald appeals the dismissal of his PCR application. He advances several arguments. First, he asserts the district court erred by dismissing the PCR action under the theory he was not convicted of a "public offense" when he was found to be in contempt on February 18. Next, McDonald asserts the case should have proceeded under a habeas action even though his PCR counsel failed to discover the district court's rescission of the directive to treat his filing as a PCR application.

**Standard of Review.**

We review PCR proceedings for errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

**Was it appropriate to dismiss the application for PCR in a contempt proceeding?**

First, we note that McDonald did not file a PCR application. The district court interpreted his petition for writ of habeas corpus as an application for PCR. Even so, McDonald argues he should get to proceed because *State v. Arne* allows a person found in contempt to challenge that proceeding by PCR. *See* 579 N.W.2d 326, 330 (Iowa 1998) (allowing an ineffective-assistance-of-counsel claim where the appellant asserted counsel breached duties in failing to challenge the sufficiency of the evidence to support the contempt charge and failing to petition

for writ of certiorari). True, after referencing the right to counsel when a hearing might result in incarceration, Arne was allowed to "properly assert an ineffective assistance of counsel claim." *Id.* (preserving Arne's claims for a later PCR hearing). But *Arne* does not consider the directives under the applicable PCR statute, Iowa Code section 822.2. Under that statute, the legislature defined the situations in which a defendant can seek PCR. Iowa Code section 822.2(1)(a) states:

> *Any person who has been convicted of, or sentenced for, a public offense* and who claims any of the following may institute, without paying a filing fee, a proceeding under this chapter to secure relief:
> (a) The conviction or sentence was in violation of the Constitution of the United States or the Constitution or laws of this state.

(Emphasis added.)

Referencing the public offense restriction, the State argued at the hearing on the motion to dismiss:

> Your Honor, I have laid out my argument in my written motion to dismiss. It boils down to this is a [PCR] application, or it has been construed that way, and there has been no conviction.
> Under the statute, [PCR] is only available to those who have either been convicted or sentenced for a public offense. The statute of the PCR is a creature of statute, and it is only designed to remedy those cases that fit that definition. They are a conviction or a sentence for a public offense, hence the name postconviction relief.
> In this case the [domestic abuse assault] charge was dismissed, so there was no conviction. There was no sentence.
> As I understand it, there was a no-contact order that was entered before the case was dismissed. And then there was a violation of that no-contact order. A contempt proceeding was held, and the defendant was held in contempt for violating the no-contact order; and as such, a five-year no-contact order was put in place, and that remains in place.
> And he has, more recently, picked up a violation of that no-contact order and was held in contempt again, and so that's why he

is in the Polk County Jail, at least on this case, even though the charge was dismissed.

Your Honor, any complaint that he has about the legal defect of the procedural posture of those no-contact orders, those types of arguments should have been made in the underlying criminal case. When the contempt proceedings were being held, that was the venue to raise those types of arguments. [PCR] is not.

The State explained that McDonald's no-contact violation was brought under section 664A.7(1) after the assault charge was dismissed.[4] And according to section 664A.7(3), a person can be "convicted of or held in contempt for a violation of a no-contact order," which seems to distinguish the two options of "contempt or simple misdemeanor" found in that section's heading. This is distinct from a section 664A.7(5) violation, under which a violation of a no-contact order can be a public offense. *See* Iowa Code § 664A.7(5) ("Violation of a no-contact order entered for the offense or alleged offense of domestic abuse assault in violation of section 708.2A or a violation of a protective order issued pursuant to chapter 232, 235F, 236, 236A, 598, or 915 constitutes a public offense and is punishable as a simple misdemeanor. Alternatively, the court may hold a person in contempt of court for such a violation, as provided in subsection 3."). The State argues the legislature would not make these distinctions if they had no purpose or meaning. We agree.

McDonald acknowledges that the finding of contempt and a conviction for a criminal offense are distinct in their proceedings, but urges each has similar potential outcomes—jail and fines—which should allow a PCR filing. But here,

---

[4] On February 8, 2016, the underlying charge on which the no-contact order was based was dismissed with prejudice, but the no-contact order itself was retained because it was violated before the dismissal occurred.

under the other option in the statute, McDonald was "held in contempt" and was not convicted of and sentenced to a public offense that would allow him the right to file a PCR application. *But see Arne,* 579 N.W.2d at 330 (recognizing "a right to counsel in a hearing that might directly result in incarceration" and that, along with risk of the imposition of fines and jail time, allowed for an ineffective-assistance-of-counsel claim).

Because the State did not seek punishment of McDonald under the simple misdemeanor violation, which required a conviction as a public offense, he cannot access the PCR review of his case. Instead, we find that the finding of contempt of the no-contact order must be challenged through other means. *See* Iowa Code § 665.11 ("No appeal lies from an order to punish for a contempt, but the proceedings may, in proper cases, be taken to a higher court for revision by certiorari."). Because McDonald cannot show he was "convicted of, or sentenced for, a public offense," the district court correctly dismissed the PCR action. *See Daughenbaugh v. State*, 805 N.W.2d 591, 598 (Iowa 2011) (holding that the phrase "convicted of" a public offense as used in chapter 822 is to be viewed in the "strict legal sense").

**Does McDonald still have an avenue for review of his claims outside the PCR?**

McDonald calls this case "a comedy of errors" orchestrated by the court and his PCR counsel. He argues his counsel did not investigate the inconsistency of the different judge's orders filed on the same day—one rescinding the PCR order that established the PCR case filed in the contempt case and the second order that appointed PCR counsel to investigate filed in the PCR action. To remedy

those errors, he offers two routes: (1) reverse the district court and allow the PCR action to proceed or (2) return the case for determination under his habeas claim in the contempt case. The district court postured that "there is a question whether the court had the authority to extend the no-contact order on February 23, 2016 for another five years since there was no judgment entered against the defendant on the underlying charge."

Although McDonald claims prejudice because his attorney did not know and failed to investigate the competing orders, the district court confirmed that McDonald could still pursue his pending filings in the contempt case involving his petition for writ of habeas corpus, the notice of appeal, and motion to reconsider. *See id.* at 594 (finding that one avenue to challenge illegal restraint is through habeas corpus). The State concedes McDonald's right to pursue his habeas corpus action.

Thus, we remand for the limited purpose of addressing the pending motions in the contempt case. We do not comment on the viability of those filings at this stage. *See* Iowa R. App. P. 6.108.

**AFFIRMED AND REMANDED FOR FURTHER PROCEEDINGS.**