# IN THE COURT OF APPEALS OF IOWA

No. 22-1077
Filed August 9, 2023

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ASHLIE DANIELLE ROSALES,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Plymouth County, Jeffrey L. Poulson,
Judge.


        Ashlie Rosales challenges her convictions for possession and delivery of
methamphetamine.  **AFFIRMED.**


        Joel E. Fenton of the Law Offices of Joel E. Fenton, PLC, Des Moines, for
appellant.

        Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney
General, for appellee.


        Considered by Ahlers, P.J., Badding, J., and Danilson, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2023).

**AHLERS, Presiding Judge.**

Following a bench trial, the district court found Ashlie Rosales guilty of delivery of methamphetamine and possession of methamphetamine. The charges stemmed from allegations that a confidential informant (CI) working with law enforcement purchased methamphetamine from Rosales in a "controlled buy."[1]

Rosales appeals. She contends there is insufficient evidence establishing that she was the person who sold methamphetamine to the CI. She also contends her trial counsel was ineffective for failing to properly investigate the allegations and to secure expert testimony about controlled-buy protocols.

We address the second issue first and make quick work of it. We are without authority to decide ineffective-assistance-of-counsel claims on direct appeal. *See* Iowa Code § 814.7 (2022) ("An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief pursuant to chapter 822. . . . [T]he claim shall not be decided on direct appeal from the criminal proceedings."); *State v. Tucker*, 959 N.W.2d 140, 154 (Iowa 2021) ("[B]ecause we have just upheld the constitutionality of section 814.7, this court is without the authority to decide ineffective-assistance-of-counsel claims on direct appeal."). As a result, we decline to address Rosales's claims that she received ineffective assistance of counsel.

As for Rosales's challenge to the sufficiency of the evidence, we review for correction of errors at law. *See State v. Crawford*, 972 N.W.2d 189, 202 (Iowa

---

[1] Although there are alternative definitions, one definition of a controlled buy is "when a confidential informant or undercover agent uses money from the government to buy drugs as part of an investigation." *See United States v. Chisholm*, 940 F.3d 119, 121 n.1 (1st Cir. 2019).

2022). We review sufficiency-of-the-evidence challenges following a bench trial the same as we do following a jury trial. *State v. Myers*, 924 N.W.2d 823, 826 (Iowa 2019). That means we affirm if the verdict is supported by substantial evidence. *Id.* In determining whether substantial evidence supports the verdict, we view the evidence in the light most favorable to the trial court's decision. *Id.* at 826–27. This includes giving that decision all legitimate inferences and presumptions that can be deduced fairly and reasonably from the evidence. *Crawford*, 972 N.W.2d at 202. Evidence is substantial if it is sufficient to convince a rational trier of fact that the defendant is guilty beyond a reasonable doubt. *Id.*

The CI testified at trial that he used forty dollars given to him by law enforcement to buy methamphetamine from Rosales. The crux of Rosales's argument is that her convictions are based entirely on the credibility of the CI's testimony, as law enforcement did not adequately monitor the controlled buy. Rosales claims the CI's testimony is not corroborated and the testimony alone is insufficient to find her guilty of the charges.

We reject Rosales's sufficiency-of-the-evidence challenge for several reasons. First, the testimony of the CI alone is sufficient to support the convictions. *See State v. Arne*, 579 N.W.2d 326, 328 (Iowa 1998) (finding that testimony from an informant amounted to sufficient evidence to support the defendant's conviction); *State v. Keys*, No. 15-1991, 2017 WL 1735617, at *10 (Iowa Ct. App. May 3, 2017) ("While Keys denied he was the one who sold methamphetamine, direct testimony from a confidential informant is sufficient to establish the elements of the crime.").

Second, Rosales's attack on the sufficiency of the evidence is, at its core, a challenge to the CI's credibility. But disputes over credibility of witnesses are for the fact finder to sort out, not us. *See State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) ("It is not the province of the court, in determining [a] motion [for judgment of acquittal], to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the [fact finder]." (first two alterations in original) (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005))). The fact that the witness was a CI does not impose a different standard, as a CI is treated like any other witness, with the determination of the credibility of that witness being up to the fact finder. *See Arne*, 579 N.W.2d at 328 ("This court has never applied a higher standard of proof when weighing the testimony of an informant witness in a criminal trial, and we decline to do so now. The witness's status as a paid informant is merely one fact that the jury may consider in deciding whether to believe the witness's testimony."). And here, the district court expressly found the CI credible. So, we reject Rosales's argument based on credibility of the CI.

Third, any challenge based on law enforcement's failure to adequately monitor the controlled buy raises credibility issues that are for the fact finder to resolve. *See id.* ("Arne also claims that no reasonable [fact finder] could believe [the CI] because [the CI] may have used drugs, he was paid for his services, the police did not adequately supervise the drug buys, and [the CI]'s testimony was contradicted by other witnesses. These arguments are insufficient to discredit [the CI]'s testimony as a matter of law."). The district court resolved this credibility issue against Rosales by finding Rosales guilty. We do not get to substitute our

judgment for that of the fact finder, so Rosales's challenge on this basis fails. *See Musser*, 721 N.W.2d at 761.

Finally, although corroboration is not required, there is corroborative evidence. Uncontested evidence at trial established that the CI began working with law enforcement to conduct controlled buys in order to favorably resolve his own drug charges. The CI set up a meeting with Rosales through a messaging app. Law enforcement officers saw the message exchange on the CI's phone before the controlled buy occurred. While the messages could have meant something else, they were consistent with a drug sale being set up and thus corroborative of the CI's testimony. The CI and Rosales agreed to meet in an alley a few blocks from Rosales's residence—a location they had used for prior drug transactions. They agreed to walk toward each other in the alley until they ran into each other. Before heading out to meet with Rosales, a law enforcement officer conducted a pat-down search of the CI from head to toe and found nothing on him before giving him forty dollars in cash. An audio recording device was then placed on the CI, and the CI began walking in the direction of Rosales's known residence. While the CI left the sight of law enforcement officers, the audio recording reveals the CI moving at a walking pace with gravel crunching under his feet. Evidence established the alley in which the CI was to meet Rosales was gravel. A short time later the CI is heard speaking with a female. The conversation ended with the CI saying, "Later, Miss Ashlie." Crunching gravel can then be heard as the CI made his way back to the officers immediately after the conversation. The CI was searched again and found to have no cash on him, but he did have a package of methamphetamine. While not dispositive in and of itself, this evidence is

corroborative of the CI's testimony that he used the cash provided by law enforcement to purchase methamphetamine from Rosales.

For all of the reasons noted, viewing the evidence in the light most favorable to the district court's ruling, we conclude substantial evidence supports Rosales's convictions. As a result, we affirm.

**AFFIRMED.**